UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY PUE, | |
| Plaintiff, | Civil Action No. 17-5094-BRM-DEA |
| v. | |
| CHARTER INC. BKA INTERNATIONAL HOUSEKEEPING and AMAZON, | OPINION |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants IH Services, Inc. ("IH Services") and Amazon.com, Inc.'s ("Amazon," collectively "Defendants")[1] Motion Dismiss *pro se* Plaintiff Barry Pue's ("Pue") Complaint or in the alternative for a More Definite Statement. (ECF No. 5.) Pue opposes the Motion. (ECF No. 6.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Further, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

---

[1] Pue improperly pled IH Services, Inc. as "Charter Inc. BKA International Housekeeping" and Amazon.com, Inc. as "Amazon." The Court will refer to the parties by their proper names.

1

Despite reading Pue's Complaint liberally, the Court finds it to be vague and ambiguous. Pue alleges he was employed by Defendants in "housekeeping" from July 16, 2015, to December 28, 2016. (Compl. (ECF No. 1, Ex. A) ¶ 1.) He alleges he was "overwork [sic], harass [sic], and fired for no reason." (*Id.*) He complained to Defendants, but "nothing was done." (*Id.*) He contends while working for Defendants he suffered physical harm that resulted in pain in his hands and feet, as well as breathing problems. (*Id.* ¶ 3.) He makes no further allegations nor does he provide any other facts in the Complaint.

Pue filed his Complaint on March 22, 2017, in the Superior Court of New Jersey, Mercer Vicinage. (*See* ECF No. 1, Ex. A.) On July 12, 2017, Defendants filed a Notice of Removal. (Not. of Removal (ECF No. 1).) On August 2, 2017, Defendants filed a Motion to Dismiss or in the alternative for a More Definite Statement. (ECF No. 5.) Pue opposes the Motion (ECF No. 6) and filed a sur-reply on September 1, 2017 (ECF No. 9).

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint

are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In ruling on a motion to dismiss, Courts are required to liberally construe pleadings drafted by *pro se* parties. *See Tucker v. Hewlett Packard, Inc.*, No. 14-4699, 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, *pro se* litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir.

2013)). "To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Liberal construction also does not require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## III. DECISION

Defendants' Motion to Dismiss the Complaint raises two arguments for dismissal. First, Defendants argue Pue's claims regarding physical injury suffered at his place of employment are improperly before this Court because they are preempted by New Jersey Workers' Compensation law. (ECF No. 5-1 at 3.) Second, Defendants allege Pue's remaining clams are conclusory and should be dismissed for failure to state a claim. (*Id.* at 4-5.)

### A. Pue's Claims Based on Physical Injury Suffered at his Place of Employment

Defendants move to dismiss any claims that relate to Pue's alleged physical injuries that occurred during employment. (*Id.* at 3.) Pue does not address Defendants' argument. Instead, he provides additional factual allegations of alleged harassment he suffered at work that were not articulated in his Complaint. (ECF No. 6.) He argues he suffered "harassment" when he "put [himself] on the line to tell [IH Services] one of their workers was bullying other workers into doing their work." (*Id.* at 1.)

In New Jersey, the Division of Workers' Compensation is granted "exclusive original jurisdiction of all claims for workers' compensation benefits," N.J.S.A. 34:15-19, and is "the

4

proper forum in which an injured employee should initially pursue any remedies that may be available to him or her." *Davis v. OneBeacon Ins. Grp.*, 721 F. Supp. 2d 329, 340 (D.N.J. 2010). After the employee litigates before the Division he can pursue judicial relief in the courts. *Id.*; *see Flick v. PMA Ins. Co.*, 928 A.2d 54, 59 (2007) ("The doctrine of exhaustion is sensibly designed to allow administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts." (citation omitted)).

"The Act's exclusivity can be overcome if the case satisfies the statutory exception for an intentional wrong." *Van Dunk v. Reckson Assocs. Realty Corp.*, 45 A.3d 965, 971 (2012). If an employee can demonstrate an "intentional wrong" by its employer, an employee can bring a claim directly against the employer, rather than rely on the remedies and compensation provided by the Workers' Compensation Act. *Millison v. E.I du Pont de Nemours & Co.*, 501 A.2d 505, 509-10 (N.J. 1985). An employer can invoke the "intentional wrong" exception by demonstrating either: (1) "a cause of action based upon subjective intent to cause injury"; or (2) "a cause of action based upon intentional conduct with a substantial certainty that injury would occur." *N.J. Mfrs. Ins. Co. v. Joseph Oat Corp.*, 670 A.2d 1071, 1073 (N.J. Super. Ct. App. Div.), *certif. denied*, 665 A.2d 1108 (N.J. 1995). These two categories of conduct are not separate standards; rather, "subjective intent and substantial certainty of harm are expressive of the same standard, i.e. deliberate intent to harm." *Id.* at 1074.

Pue's Complaint states the harm that occurred as a result of Defendants' conduct was hand and foot pain and breathing problems. (ECF No. 1 ¶ 3, Ex. A.) His hand injuries allegedly occurred from lifting, cutting, and pulling things at work. (*Id.*) His foot pain originated from pulling equipment and walking over twenty miles. (*Id.*) Lastly, his breathing issues occurred from exposure to dust and chemicals. (*Id.*) These allegations represent physical injuries, which must

5

first be presented to the Division of Workers' Compensation, because Pue has failed to plead any facts, even when construed in his favor, alleging Defendants deliberately tried to harm him. Namely, Pue fails to satisfy either of the two exceptions available to establish an intentional wrong under the Workers' Compensation Act. Moreover, Pue fails to plead whether or not he sought leave at the administrative level prior to filing this suit. He also fails to relate any of these alleged physical injuries to a proper cause of action that can be pursued in this Court. Accordingly, Defendants' Motion to Dismiss Pue's claims for physical injury suffered at work is **GRANTED**.

### B. Pue's Claims Fail to State a Claim

Defendants argue to the extent any other claims remain in the Complaint, they should also be dismissed for failure to state a claim, because Pue "has failed to state any claim whatsoever under any employment law" and "makes conclusory statements related to his termination." (ECF No. 5-1 at 4.) Defendants further contend"[h]e fails to make a single factual allegation that would connect with his weakly implied claim of wrongful termination." (*Id.*) Pue argues he suffered harassment at work when he "put [himself] on the line to tell [IH Services] one of their workers was bullying other workers into doing their work." (ECF No. 6 at 1.) He further describes the harassment as being told he would be fired if he did not come to work on his days off, being called "all kinds of names" at work, having to go on light duty from being overworked, and that IH Services "would bring people from other places to get [him] fired or make [him] quit." (*Id.* at 1-2.)

Pue's Complaint provides no factual allegations that can sustain a claim. He has failed to plead any facts which run afoul of any employment law, demonstrate why he was allegedly wrongfully terminated, or how or why he was harassed. "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed

6

as supplying facts to support a claim entitling the plaintiff to relief." *Morse*, 132 F.3d at 906 (citing *Milhouse*, 652 F.2d at 373). While Pue's opposition and sur-reply provide the Court with additional facts and allegations, those facts are not articulated in the Complaint, and the Court cannot rely on them. Accordingly, Defendants' Motion to Dismiss the Complaint is **GRANTED**.

**IV. CONCLUSION**

For the reasons explained above, Defendants' Motion to Dismiss the Complaint is **GRANTED**. Defendants' request for alternative relief is **DENIED** as **MOOT**. This dismissal is **without prejudice**, and Pue may file an Amended Complaint within **thirty (30) days** of his receipt of the Order accompanying this Opinion. If Pue timely files an Amended Complaint, Defendants shall file an Answer, or otherwise respond to the Amended Complaint, within the period prescribed by Federal Rules of Civil Procedure 15. An appropriate Order follows.

Date: February 23, 2018  */s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**